UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

C. A., an infant under the age of 18,
by her Father and Natural Guardian,
EDWIN ARROYO,                                    **CIVIL ACTION NO.**
                                                 **CV11-3831**

       Plaintiff,
  Against,                             **AMENDED COMPLAINT**

             JURY TRIAL DEMANDED

THE CITY OF NEW YORK, THE CITY OF NEW
YORK POLICE DEPARTMENT and THE CITY OF
NEW YORK BOARD OF EDUCATION d/b/a
THE NEW YORK CITY DEPARTMENT OF
EDUCATION and individually and in their Official
Capacity, INGRID JOSEPH, KAREN D. HASKINS,
"John Does 1-6, employees of the City of
New York Police Department (the name John Doe being
Fictitious as the true names are presently unknown)."

       Defendants.
------------------------------------------------------------------x

## Preliminary Statement

  1. This is a civil rights action for declaratory relief and to recover money damages arising out of Defendants' violation of minor Plaintiff's rights as secured by the Civil Rights Act 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

  2. The Plaintiff was falsely arrested, illegally searched and seized, falsely imprisoned, and subjected to malicious prosecution, unnecessary and excessive use of force, assaulted and had a battery committed to her person and deprived due process of law in violation of her Constitutional Rights by officers and employees of the New York

City Police Department ("NYPD") and the New York City Board of Education ("NYCBE"). At all times the officers and employees of NYPD and NYCBE were acting under the color of State law in their scope of their employment. The said employees did not have probable or reasonable cause to seize and search Plaintiff, to assault or commit a battery upon her, nor to arrest and falsely imprison her. At no time relevant to this claim did Plaintiff commit and crime or violation of law.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

4. The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367, over and any all State law claims and causes of action which derive from the same nucleus of operative facts and are part f the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391, (a), (b), and (c) and in Section 1402 because the claims arose in this district and Plaintiff resides in this district.

## PARTIES

6. Plaintiff, C. A. is a minor, who was 13 years old at the time of the events described herein. This lawsuit is brought by her Father and Natural Guardian, EDWIN ARROYO. Plaintiff and her father are residents of the County of Kings, City and State of

New York and citizens of the United States.

7. Defendants Officers John Does 1, 2, 3, 4, 5 and 6 were at all times relevant herein officers, employees and/or agents of the Defendant NYPD. On the date of the Incident, May 11, 2010, Defendant School Safety Officers Ingrid. Joseph, Karen D. Haskins and John Doe 1 and 2 were agents and employees of the School Safety Division, a branch of NYPD assigned to duty at Intermediate School 392 in Kings County, New York. On the date of the incident, May 11, 2010, Defendant police officers John Doe 3, 4, 5, and 6 were assigned to the 73rd Precinct. Said Defendants John Doe 1, 2, 3, 4, 5 and 6 are being sued in their individual and official capacities as officers, employees and agents of the New York City Police Department.

8. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the state of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement, and for which is ultimately responsible. The Defendant City of New York assumes the risks incidental to

the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department. The Defendant New York City Board of Education, doing business as the New York City Department of Education, is responsible for key public service areas including ensuring principal and teacher quality and school safety. The New York City Board of Education assumes the risks incidental to the maintenance of its educational services and the employment of its agents acting within the scope of their employment.

## STATEMENT OF FACTS

10. At all times relevant herein Plaintiff was enrolled as a full time student at Intermediate School 392 (hereinafter "School"), 104 Sutter Avenue, Brownsville, New York, an intermediate school operated and supervised by Defendant NYBE.

11. Early in the morning of May 11, 2010, Plaintiff while assembled in the auditorium of the School, waiting to attend a planned school trip was advised by a school teacher that she would not be attending the school trip that day.

12. Plaintiff then attempted to call her mother using her cell phone to advise of the change in plans and to ask her mother to come to school to pick her up.

13. Plaintiff was verbally and physically accosted, battered and assaulted by the School Assistant Principal, Defendant Joseph, who, in turn called the School Safety Officer, Defendant Haskins.

14. Defendant Haskins then proceeded to verbally and physically abuse Plaintiff by throwing her and/or physically forcing her to the ground and then proceeded to handcuff Plaintiff in front of all of her school classmates.

15. Plaintiff was then taken to the Principal's office where she was told she

was going to be arrested. Plaintiff remained in handcuffs while awaiting the arrival of the NYPD.

16. Shortly thereafter two (2) police officers (Defendants John Doe 3 and 4) arrived at the school and proceeded to take Plaintiff in handcuffs to the police car and then to the 73rd Precinct.

17. The Defendant police officers then grabbed Plaintiff by her arm and "perp-walked" her through the hallways of the School in full view of teachers and other students and across the sidewalk into a police car for a ride to the 73rd Precinct building located at Brooklyn, New York.

18. When Plaintiff's Mother arrived at the School, she was told that she would not be able to see her daughter and that her daughter was going to be arrested and taken in custody. In spite of Plaintiff's Mother's request to see her daughter, she was prevented from having any contact with Plaintiff.

19. Upon arrival at the 73rd Precinct, Plaintiff was handcuffed to a desk and forced to write out a statement detailing what occurred that morning at school. Plaintiff was forced to stay at the 73rd Precinct for over two (2) hours while being handcuffed to a chair the entire time there.

20. Plaintiff's Mother was prevented from seeing her daughter upon her arrival at the 73rd Precinct for over two (2) hours.

21. Only then was Plaintiff uncuffed and released in her mother's custody.

22. The unlawful search and seizure, arrest, handcuffing, "per walk" and false imprisonment by Defendant Joseph, Defendant Haskins and John Does 1, 2, 3, 4, 5 and 6 caused Plaintiff to suffer severe physical pain and suffering and emotional trauma.

23. A Notice of Claim was served upon the Comptroller of the City of New York, The City of New York Law Department and Office of the Corporation Counsel, the City of New York Police Department, and the City of New York Department of Education on August 6, 2010. At least thirty (30) days has elapsed since the service of such Notice and adjustment and/or payment has been refused by the Defendants.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourteenth Amendment Rights

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. Defendants Officers John Doe 1, 2, 3, 4, 5, and 6 and New York City Department of Education employees, Ingrid Joseph and Karen D. Haskins, acted under color of state law, custom and practice, at all times acting in concert and within the scope of their authority as NYPD Police Officers and Department of Education employees.

26. Defendants Joseph, Haskins and John Doe 1, 2, 3, 4, 5, and 6 intentionally and with complete and deliberate indifference for Plaintiff's rights caused the Plaintiff to be imprisoned without probable cause in violation of the Plaintiff's right to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 26 with the same force and effect as if more fully set

forth at length herein.

28. Defendants Joseph and Haskins and Defendant Officers John Doe 1, 2, 3, 4, 5 and 6 under color of state law, intentionally and with complete and deliberate indifference to Plaintiff's rights caused the Plaintiff to be deprived of her rights to be free of an unreasonable search and seizure under the Fourth Amendment.

29. The use of excessive force by Defendant Officer John Does 1 and 2, including the Defendant Haskins in handcuffing Plaintiff and in handcuffing Plaintiff to a chair at the 73rd Precinct was an objectively unreasonable physical seizure of the Plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States.

### THIRD CAUSE OF ACTION

#### Assault

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted the Plaintiff in that they had the real apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

32. Defendants John Doe 1, 2, 3, 4, 5, and 6 were at all times agents of the Defendants City of New York acting within the scope of their employment by the City of New York, the NYPD, and Ingrid Joseph and Karen D. Haskins were at all times agents

of NYBE acting within the scope of their employment.

33. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. Defendant police officer John Doe and Defendant Haskins, acting within the scope of their employment, intentionally, willfully and maliciously battered the Plaintiff, when they, physically assaulted Plaintiff and when in a hostile and/or offensive manner handcuffed Plaintiff with metal handcuffs with the intention of causing harmful and/or offensive bodily contact to the Plaintiff.

36. Defendant police officer John Doe 1 and Defendant Haskins were at all times agents, servants and employees of the Defendants City of New York acting within the scope of their employment by the City of New York, the NYPD, and Ingrid Joseph and Karen D. Haskins were at all times agents of NYBE acting within the scope of their employment and are therefore responsible for their conduct.

37. Defendant Haskins intentionally, willfully and maliciously battered Plaintiff, when she physically assaulted her and threw her down to the ground in the auditorium of the school without her consent.

38. Defendant John Doe 1, 2, 3, 4, 5, and 6 were at all times agents of Defendant NYPD acting within the scope of their employment.

39. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False imprisonment Under U.S.C. Section 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The acts and conduct of the Defendants Officers John Doe 1, 2, 3, 4, 5 and 6, and of School Safety Officer Karen D. Haskins, constitutes false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. At no time stated herein did Plaintiff consent to the confinement and the confinement was not otherwise privileged.

42. Defendant police officer John Doe 1 and Defendant Haskins were at all times agents, servants and employees of the Defendants City of New York acting within the scope of their employment by the City of New York, the NYPD, and Ingrid Joseph and Karen D. Haskins were at all times agents of NYBE acting within the scope of their employment and are therefore responsible for their conduct.

43. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### False Arrest Under 42 U.S.C. Section 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation

contained in Paragraphs 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to illegal, improper and false arrest by the Defendants and taken into custody and cuased to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, she was put in ear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SEVENTH CAUSE OF ACTION

### Malicious Abuse of Process Under 42 U.S.C. 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. Defendants issued legal process to place Plaintiff under arrest.

49. Defendants knew or should have known that Plaintiff had not committed a crime or engaged in any unlawful conduct.

50. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to Plaintiff without excuse of justification.

52. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and

subjected to handcuffing and other physical restraints, without probable cause.

## EIGHTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The City of New York, and NYPD, and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants Officers John Doe 1, 2, 3, 4, 5, and 6, and Ingrid Joseph and Karen D. Hask1ns, individuals who were unfit for the performance of police and school safety duties on May 11, 2010, at the aforementioned locations.

55. The City of New York, NYBE and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise employees Ingrid Joseph and Karen D. Haskins, among others.

## NINTH CAUSE OF ACTION

### Municipal Liability Under 42 U.S.C. Section 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 55 with the same force and effect as if more fully set forth at length herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constitutes a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, NYBE and the NYPD included, but were not limited to arresting individuals regardless of probable cause and in utilizing excessive force in executing said arrests.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYBE and the NYPD constituted deliberate indifference to the safety, well being and constitutional rights of Plaintiff.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYBE and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYBE and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

62. As a result of the foregoing customs, policies, procedures, rules of the City of New York, NYBE and the NYPD, Plaintiff was subjected to unlawful and excessive force resulting in physical and emotional injuries.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced to a pattern of unconstitutional conduct by subordinate police officers and school officials, and were directly responsible for the violation of Plaintiff's constitutional rights.

65. The acts complained of deprived Plaintiff of her rights:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from search and seizure and arrest not based upon probable cause;

    c. To be free from malicious abuse of process;

    d. Not to have excessive force imposed upon her;

    e. To be free from false imprisonment;

    f. Not to have summary punishment imposed upon her; and,

    g. To receive equal protection under the law.

## JURY DEMAND,

66.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1.    A declaratory judgment that the Defendants have violated the Plaintiff's Fourth and Fourteenth Amendment rights, in violation of the 42 U.S.C. Section 1983, and the laws of the State of New York, and an order preventing Defendants from acting so in the future.

2.    That the jury find and the Court adjudge and decree that the Plaintiff C. A. shall recover compensatory damages in the sum of $500,000.00 and punitive damages in the sum of $500,000.00 against the individual Defendants, the City of New York, The New York Police Department, and the New York City Board of Education, jointly and severally, together with interest and costs herein.

3.    That the Plaintiff recover the cost of the suit herein, including reasonable attorney fees pursuant to 42 U.S.C. Section 1988.

    4.    That the Plaintiff have such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 25, 2012

_____
ROBERT RADMAN, ESQ.
Attorney for Plaintiff C. A.
1500 Broadway - 21st floor
New York, NewYork  10036
(212) 997-4500
Radman26@msn.com