UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
C.A.., *an infant under the age of 18, by her*
*Father and Natural Guardian, Edwin Arroyo*;

                Plaintiff,                          **ORDER**
                                                                            **11 CV 3831 (LB)**

           -against-

CITY OF NEW YORK; CITY OF NEW YORK POLICE
DEPARTMENT; CITY OF NEW YORK BOARD OF
EDUCATION; INGRID JOSEPH; and KAREN D. HASKINS

                Defendants.
-------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff C.A., a minor, represented by her father and natural guardian Edwin Arroyo, brought this action pursuant to 42 U.S.C. §1983, alleging that defendants violated her constitutional rights when defendants forcibly restrained and arrested plaintiff after an incident at her middle school. The parties have agreed to settle this case and plaintiff now moves for approval of the infant compromise order.[1] (Docket entry 25.) As ordered by the Court, plaintiff's counsel filed a redacted motion for approval of infant compromise order on February 20, 2013 (Docket entry 27) and supplemented the record on February 28, 2013. (Docket entry 28.) For the reasons that follow, the Court approves the infant compromise order submitted by plaintiff.

**DISCUSSION**

      Courts in this district must review any proposed settlement involving claims raised by an infant plaintiff and determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." Doe v. Mattingly, No. 06 CV 5761 (JBW), 2007 U.S. Dist. LEXIS 59541, at *4 (E.D.N.Y. Aug. 14, 2007) (citing Local Civil

---

[1] As the parties have consented to my jurisdiction under 28 U.S.C. § 636(c) (Docket entry 22), this case has been reassigned to me.

1

Rule 83.2(a)).  The Court should compare "the terms of the compromise with the likely rewards of litigation." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)).  The Court must "form an educated estimate of the complexity, expense, and likely duration of such litigation," Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972)), and "exercise 'the most jealous care that no injustice be done' to the infant," Southerland v. City of N.Y., No. CV-99-3329 (CPS), 2006 U.S. Dist. LEXIS 53582, at *8 (E.D.N.Y. Aug. 2, 2006) (quoting Anderson v. SAM Airlines, No. 94 Civ. 1935 (ERK), 1997 U.S. Dist. LEXIS 23634, at *22 (E.D.N.Y. Apr. 25, 1997)).  Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference.  Sch. for Language & Cmty. Dev. v. N.Y. State Dep't of Educ., No. 02 CV 0269 (JS)(JO), 2010 U.S. Dist. LEXIS 51320, at *9 (E.D.N.Y. Apr. 7, 2010).

The Court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules." Local Civil Rule 83.2(a). The New York rules for infant compromise proceedings are set forth in New York Judiciary Law §474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the incompetent's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. §1208(a)(5).

The Court held a settlement conference in this matter on January 10, 2013.  Plaintiff and her father, Edwin Arroyo, attended the conference and reached a settlement on the record. (Docket entry 21.)  The infant's representative, Edwin Arroyo, also submits an affidavit stating that he approves the settlement agreement for $16,000.  (Docket entry 27-2, 2[2].) He further affirms that he understands that after attorney's fees and costs his minor daughter will receive

---

[2] The Court references the ECF page numbers.

2

approximately $9,717.38, which shall be deposited in an interest bearing account at Chase Bank until C.A.'s 18th birthday. (Id. at 3.)

Balancing the potential cost and plaintiffs' burden against the prospect of a damage award at trial, the proposed settlement in this case is approved. See Allstate Ins. Co. v. Williams, No. 04 CV 4575 (CLP), 2006 U.S. Dist. LEXIS 67849, at *7 (E.D.N.Y. Sept. 21, 2006) (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)) (listing the risks of establishing liability and damages among the factors to consider in approving an infant settlement). Plaintiff commenced this action on August 9, 2011 and the parties have conducted limited discovery. Settling this case now avoids the costs of full discovery and litigation as well as the uncertainty of plaintiff's ability to prevail on her claims and prove her damages. Accordingly, the Court finds the proposed infant compromise to be fair, reasonable and in the best interests of the infant plaintiff.

*Attorney's Fees and Costs*

Under the proposed settlement, plaintiff's counsel would receive $4,786.17 in attorney's fees and $1,496.45 in costs. (Docket entry 27-3, 2; docket entry 28-6.) The Court must ensure that the allocation of attorney's fees from the settlement proceeds represents "suitable compensation for the attorney for his services," notwithstanding contingency agreements with a party. N.Y. Judiciary Law §474; see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 90 (2d Cir. 2010) ("[A] contract between the attorney and the infant guardians providing for a contingency fee is to be considered by the judge, but it is not binding."). An infant's attorney must submit contemporaneous records "from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." Martegani, 687 F. Supp. 2d at 378 (quoting Monaghan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83-84 (S.D.N.Y. 1994)).

An appropriate attorney's fee is determined by calculating the "presumptively reasonable

3

fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). "The most useful *starting point* for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." Id. at 190; see also Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) ("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). "[A] reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

Plaintiff's counsel seeks attorney's fees in the amount of $4,786.17. Plaintiff's counsel submits his billing records which reflect that he has worked 99.1 hours on this case. (Docket entry 54-1.) Although some of the billing records seem to be exaggerated,[3] the Court approves plaintiff's counsel's fee in this case. Plaintiff's counsel has been litigating this case for a year and a half. He has met with plaintiff and her father several times, prepared for and attended several conferences with the Court, and engaged in limited discovery including the deposition of plaintiff and defendant Haskins. Moreover, even if the Court reduced plaintiff's counsel's hours by half (which would be an overcorrection), counsel's hourly rate would only be $105, well below the accepted hourly fee range in this district. See Lucas v. County of Nassau, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010) ($300 - $400 per hour rates are reasonable rates for an experienced attorney in a civil rights action).

---

[3] Counsel lists 2.5 hours for every court conference (excluding the settlement conference) regardless of the actual time spent in court. While counsel is entitled to bill for his commuting time, the Court notes that counsel's office is located in Time Square.

In addition to attorney's fees, costs may be recovered where the attorney provides "documentation to substantiate the costs incurred." Mateo v. United States, No. 06 Civ. 2647(KNF), 2008 U.S. Dist. LEXIS 59216, at *18 (S.D.N.Y. Aug. 6, 2008). Plaintiff's counsel submits an affidavit outlining his costs totaling $1,495.45, the majority of which represents deposition costs. (Docket entry 52, 3.) The Court finds the $1,495.45 in costs is reasonable.

## CONCLUSION

Upon review of plaintiffs' motion for infant compromise, the attached affidavits and time records, the Court approves the proposed infant compromise. The $16,000 settlement proceeds shall be allocated as follows:

a. $9,717.38 to the infant plaintiff, to be placed the highest interest-bearing account at Chase Bank in trust for C.A., subject to withdrawal without further court order by C.A. once she reaches the age of eighteen. No withdrawals, partial or otherwise, shall be allowed prior to C.A.'s eighteenth birthday without further Order of the court.

b. $4,786.17 in attorney's fees and $1,495.45 in costs to Robert Radman, Esq.

The Clerk of Court is directed to close this case. The Court shall retain jurisdiction over this matter until settlement is consummated. Either party may, on notice to the other side, file to reopen if settlement is not effectuated in accordance with the terms of the settlement agreement.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 28, 2013
Brooklyn, New York